1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMANDA U. AJULUCHUKU,

11              Plaintiff,              No. 2:12-cv-2205-MCE-EFB PS

12        vs.

13   APPLE, INC.,

14              Defendant.              <u>ORDER</u>

15   _____/

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the

20   request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21        Determining plaintiff may proceed *in forma pauperis* does not complete the required

22   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

23   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.

26   ////

1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

It does not appear from plaintiff's complaint that this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint would give rise to a federal claim. Plaintiff's complaint appears to be alleging that defendant banned plaintiff from its retail store at the Grove in Los Angeles because defendant said plaintiff "was wearing a provocative short blue dress." Dckt. No. 1, Compl., ¶ 1. Plaintiff further alleges that defendant then "stole more than 40 pictures [plaintiff] had taken in the short dress." *Id.* Plaintiff states that she believes that she has "been discriminated against, assaulted, and stolen from based upon my race, Black color, color, Light-skinned, Sex, female, National Origin (Father, Nigerian, Mother, American) and physical disability (recurring deafness and dizziness) which are in violation of Title VII of the Civil Rights Act of 1964 . . . and the Americans with Disabilities Act." *Id.* ¶ 3.

To the extent plaintiff purports to state a claim under Title VII, 42 U.S.C. § 2000e-5 et seq., such a claim fails. Title VII, which forbids employment discrimination based on race, color, religion, sex, or national origin, protects only *employment* relationships. *See Mitchell v. Frank R. Howard Mem. Hosp*., 853 F.2d 762, 767 (9th Cir. 1988). Among other problems with plaintiff's complaint, because plaintiff was not employed by defendant, she cannot state a Title VII claim.

////

3

1    To the extent plaintiff purports to state a claim under the Americans with Disabilities Act

2  ("ADA") her claim also fails because she has not alleged that she is disabled under the ADA.

3  The ADA defines a disability as (1) a physical or mental impairment that substantially limits one

4  or more major life activities; (2) a record of such an impairment; or (3) being regarded as having

5  such an impairment.  42 U.S.C. § 12102(1).  Plaintiff's complaint does not establish any of those

6  elements.  Nor does the complaint allege what provision of the ADA plaintiff purports to sue

7  under or any valid basis for such an ADA claim since plaintiff does not allege any connection

8  between her purported disability (recurring deafness and dizziness) and the conduct that she

9  alleges occurred at defendant's store.

10    Further, to the extent plaintiff purports to state a claim under Title VI of the 1964 Civil

11  Rights Act, 42 U.S.C. § 2000d, such a claim also fails.  Title VI provides that: "No person in the

12  United States shall, on the ground of race, color, or national origin, be excluded from

13  participation in, be denied the benefits of, or be subject to discrimination under any program or

14  activity receiving Federal financial assistance."  However, plaintiff is not alleging that she was

15  subject to discrimination under any program or activity receiving Federal financial assistance;

16  rather, she contends she was asked to leave one of defendant's stores.

17    Finally, to the extent plaintiff's claim against is brought under 42 U.S.C. § 1983, that

18  claim must be dismissed.  To state a claim under § 1983, plaintiff must allege: (1) the violation

19  of a federal constitutional or statutory right; and (2) that the violation was committed by a person

20  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, plaintiff's

21  complaint fails to allege that defendant was a state actor or was otherwise acting under color of

22  law.  *See Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999) (The

23  party charged with a constitutional deprivation under § 1983 must be a person who may fairly be

24  said to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from

25  its reach merely private conduct, no matter how discriminatory or wrong."  *Id.*  (citing *Am. Mfrs.*

26  *Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)).

4

1    Furthermore, plaintiff fails to identify the constitutional rights that defendant allegedly violated,

2    nor does she explain how defendant's actions resulted in the deprivation of any constitutional

3    right.

4          Therefore, the complaint will be dismissed.  However, plaintiff is granted leave to file an

5    amended complaint, if she allege a basis for this court's jurisdiction and venue, as well as a

6    cognizable legal theory and sufficient facts in support of that cognizable legal theory.  *Lopez v.*

7    *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se

8    litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff

9    choose to file an amended complaint, the amended complaint shall clearly set forth the

10   allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.

11   Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as

12   far as practicable to a single set of circumstances," as required by Federal Rule of Civil

13   Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left

14   margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any

15   amended complaint shall also use clear headings to delineate each claim alleged and against

16   which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead

17   clear facts that support each claim under each header.

18         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

19   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

20   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

21   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

22   plaintiff files an amended complaint, the original no longer serves any function in the case.

23   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

24   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

25   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

26   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

5

1    comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

2    may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

3          Accordingly, IT IS ORDERED that:

4        1.  Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

5        2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

6        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

7    complaint.  The amended complaint must bear the docket number assigned to this case and must

8    be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance

9    with this order will result in a recommendation this action be dismissed.

10    DATED:  September 5, 2012.

11

12                 EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE