IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

      Plaintiff,                    No. 2:12-cv-2205-MCE-EFB PS

      vs.

APPLE, INC.,

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

    This action, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On September 5, 2012, the undersigned granted plaintiff's request to proceed *in forma pauperis*, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2). Dckt. No. 3. The court noted that "[i]t does not appear from plaintiff's complaint that this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint would give rise to a federal claim." *Id.* at 3. Plaintiff's complaint appeared to be alleging that defendant banned plaintiff from its retail store at the Grove in Los Angeles because the defendant had concluded that plaintiff "was wearing a provocative short blue dress." Dckt. No. 1, Compl., ¶ 1. Plaintiff further alleged that defendant then "stole more than 40 pictures [plaintiff] had taken in the short dress." *Id.* Plaintiff

1

stated that she believed that she had "been discriminated against, assaulted, and stolen from based upon [her] race, Black color, color, Light-skinned, Sex, female, National Origin (Father, Nigerian, Mother, American) and physical disability (recurring deafness and dizziness) which are in violation of Title VII of the Civil Rights Act of 1964 . . . and the Americans with Disabilities Act." *Id.* ¶ 3.

The order pointed out that to the extent plaintiff was purporting to state a claim under Title VII, 42 U.S.C. §§ 2000e-5 *et seq.*, that claim fails because, among other problems with the complaint, plaintiff was not employed by defendant. Dckt. No. 3 at 3 (citing *Mitchell v. Frank R. Howard Mem. Hosp.*, 853 F.2d 762, 767 (9th Cir. 1988) (Title VII, which forbids employment discrimination based on race, color, religion, sex, or national origin, protects only *employment* relationships).

The order also pointed out that to the extent plaintiff was purporting to state a claim under the Americans with Disabilities Act ("ADA") her claim also fails because she has not alleged that she is disabled under the ADA. Dckt. No. 3 at 4. The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Plaintiff's complaint did not establish any of those elements. Nor did the complaint allege what provision of the ADA plaintiff purports to sue under or any valid basis for such an ADA claim since plaintiff did not allege any connection between her purported disability (recurring deafness and dizziness) and the conduct that she alleged occurred at defendant's store.

Additionally, the order noted that to the extent plaintiff was purporting to state a claim under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, such a claim also fails because plaintiff did not allege that she was subject to discrimination under any program or activity receiving Federal financial assistance; rather, she alleged she was asked to leave one of defendant's stores. Dckt. No. 3 at 4 (citing 42 U.S.C. § 2000d (Title VI provides that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded

1  from participation in, be denied the benefits of, or be subject to discrimination under any
2  program or activity receiving Federal financial assistance.")).

3  Finally, the order stated that to the extent plaintiff's claim is brought under 42 U.S.C.
4  § 1983, that claim must be dismissed because plaintiff failed to allege that defendant was a state
5  actor or was otherwise acting under color of law, and she failed to identify the constitutional
6  rights that defendant allegedly violated, and she failed to explain how defendant's actions
7  resulted in the deprivation of any constitutional right.  Dckt. No. 3 at 4-5.

8  Accordingly, the court dismissed plaintiff's complaint, but provided plaintiff with an
9  opportunity to amend her complaint to the extent that she could "allege a basis for this court's
10 jurisdiction and venue, as well as a cognizable legal theory and sufficient facts in support of that
11 cognizable legal theory."  Dckt. No. 3 at 5.  The order provided that "[s]hould plaintiff choose to
12 file an amended complaint, the amended complaint shall clearly set forth the allegations against
13 defendant and shall specify a basis for this court's subject matter jurisdiction."  *Id.*

14 On September 24, 2012, plaintiff filed an amended complaint.  Dckt. No. 4.  Her
15 amended complaint alleges discrimination, assault, grand theft, and grand larceny.  *Id.*  She again
16 alleges that she was banned from defendant's store in Los Angeles because she was accused of
17 wearing "a provocative short blue dress" and that defendant "stole more than 40 pictures
18 [plaintiff] had taken in the short dress" by not allowing her to email them to herself and by
19 refusing to allow her to delete them from one of defendant's "demo computers," which plaintiff
20 apparently used to take the pictures.  *Id.* at 2.  Plaintiff contends that because she feels dizzy
21 whenever she stands up, she asked one of the security guards to "accommodate her," but the
22 security guard refused to do so and refused to offer plaintiff one of the chairs in the room.  *Id.* at
23 2-3.  Instead, plaintiff contends the security guard "assaulted" her by tapping her on the shoulder.
24 *Id.* at 3.  Plaintiff again alleges that she was "discriminated against, assaulted, and stolen from
25 based upon [her] race, Black color, color, Light-skinned, Sex, female, National Origin (Father,
26 Nigerian, Mother, American) and physical disability (recurring deafness and dizziness)" in

3

violation of Title 42, Chapter 21 of the United States Code. *Id.* Plaintiff also alleges that she is "disabled under the American Disability Act" because she has "physical impairment[s] such as deafness and dizziness which limit one or more major life activities such as hearing, standing, running and walking." *Id.* at 3-4.

As previously explained to plaintiff, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

*Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's amended complaint once again fails to state a cognizable federal claim.  Although plaintiff contends that defendant violated "Title 42, Chapter 21 of the United States Code" by discriminating against her, she has not alleged a specific statute that she says the defendant violated.

As previously noted, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must once again be dismissed because plaintiff fails to allege that defendant was a state actor or was otherwise acting under color of law, she fails to identify the constitutional rights that defendant allegedly violated, and she fails to explain how defendant's actions resulted in the deprivation of any constitutional right.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law).

Additionally, to the extent plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964), that claim fails because plaintiff has not alleged that

5

she was denied full and equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."). Although plaintiff states in a conclusory manner that she was discriminated against based on those factors, she has not alleged any facts that would demonstrate that such a claim is plausible on its face. Rather, plaintiff alleges that she was asked to leave defendant's store because defendant opined that she was wearing "a provocative short blue dress."[1]

Also, as previously noted, to the extent plaintiff purports to state a claim under 42 U.S.C. § 2000d (Title VI), such a claim fails because plaintiff does not allege that she was subject to discrimination under any program or activity receiving Federal financial assistance; rather, she alleges she was asked to leave one of defendant's stores.[2] *See* 42 U.S.C. § 2000d (providing that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.")).

---

[1] Nor has plaintiff shown that defendant's store is a place of public accommodation as delineated in § 2000a(b), or that any alleged discrimination amounts to state action as provided in § 2000a(d). *See* § 2000a(e) ("Discrimination or segregation by an establishment is supported by State action within the meaning of this subchapter if such discrimination or segregation (1) is carried on under color of any law, statute, ordinance, or regulation; or (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or (3) is required by action of the State or political subdivision thereof.").

[2] Further, as previously noted, plaintiff cannot state a claim against defendant under 42 U.S.C. §§ 2000e-5 *et seq.* (Title VII) since plaintiff does not allege that she was employed by defendant. *See Mitchell v. Frank R. Howard Mem. Hosp.*, 853 F.2d 762, 767 (9th Cir. 1988) (Title VII, which forbids employment discrimination based on race, color, religion, sex, or national origin, protects only *employment* relationships). Also, although plaintiff mentions the "Civil Rights of Institutionalized Persons Act," Dckt. No. 4 at 3, she is not currently incarcerated or institutionalized. *See* 42 U.S.C. §§ 1997 *et seq.*

Finally, although plaintiff again purports to state a claim under the Americans with Disabilities Act ("ADA"), the claim once again fails because she still does not sufficiently allege that she is disabled within the meaning of the ADA, and she does not allege any plausible connection between her purported disability (deafness and dizziness) and the conduct that she alleges occurred at defendant's store. *See* 42 U.S.C. § 12102(1) (The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment.).

Accordingly, the court will recommend that this action be dismissed without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint, Dckt. No. 4, be dismissed without leave to amend; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE